IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAN M. JENKINS, et vir. | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 4:06cv161 |
| v. | § | |
| | § | |
| HOME DEPOT USA, INC., d/b/a | § | |
| HOME DEPOT #519 | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On this day came on for consideration Home Depot U.S.A., Inc., Defendant's First Amended Motion for Summary Judgment or, in the Alternative Motion for Summary Judgment (Dkt. 52). Having considered the motion, Plaintiff's responses, and Defendants' reply, the Court is of the opinion that the motion should be granted as to the claims of Jan Jenkins and denied as to the claims of her bankruptcy trustee.

**Background**

Plaintiff Jan Jenkins filed this suit against Defendant Home Depot USA, Inc. ("Home Depot"), alleging she was injured while purchasing a Christmas tree at a Home Depot store. Jenkins has asserted claims of premises liability and negligent activity against Home Depot. After the filing of suit, Jenkins initiated personal bankruptcy proceedings. Then, Jenkins and her bankruptcy trustee, Mark Weisbart, jointly filed an amended complaint seeking to recover damages against Home Depot for her alleged injury. Home Depot now seeks summary judgment

1

against Plaintiffs.

**Standard**

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). A dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *In re Segerstrom,* 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002). If the movant meets this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Littlefield v. Forney Indep. Sch. Dist.,* 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir.1995)). If the evidence presented to rebut the summary judgment is not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). In determining whether a genuine issue of material fact exists, however, the court views the evidence and draws inferences in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513-14.

**Analysis**

**Judicial Estoppel**

Home Depot has asserted the affirmative defense of judicial estoppel, claiming that the claims in this case are barred in their entirety because Plaintiff Jan Jenkins failed to disclose this

lawsuit in her schedule of bankruptcy assets before the bankruptcy was discharged. If the Court finds judicial estoppel, the case is barred and there is no need to reach the merits of Plaintiffs' claims.

In response, Plaintiffs argue that Home Depot has waived this affirmative defense. Because this Court granted Home Depot's Motion for Leave to File a Second Amended Original Answer, the pleading in which Defendant added judicial estoppel (Dkt. 63 and 67), it does not find that Defendant has waived the affirmative defense of judicial estoppel. Moreover, unlike the Defendant in *U.S. for the Use of American Bank, et al. v. C.I.T. Const., Inc. of Texas*, 944 F.2d 253 (5th Cir. 1991), Defendant here is not first raising this affirmative defense on appeal. For Plaintiffs to raise a waiver argument after failing to file most, if not all, of their pleadings in response to Defendant's summary judgment motion in a timely fashion is unsettling to the Court. The defense is not waived and must be examined under the facts of the case.

Judicial estoppel is a common law doctrine seeking to bar a party from assuming a position in his pleadings that is inconsistent with his position in another judicial proceeding. *In re Coastal Plains, Inc.,* 179 F.3d 197, 205 (5th Cir. 1999). "The policies underlying the doctrine include preventing internal inconsistency, precluding litigants from playing fast and loose with the courts, and prohibiting parties from deliberately changing positions according to the exigencies of the moment." *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir.1993). The doctrine is generally applied where "intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice." *In re Coastal Plains, Inc.,* 179 F.3d at 206 (internal citations omitted). Because the doctrine is intended to protect the judicial system, rather than the litigants, detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary. *Id.* at 205.

Home Depot claims that Plaintiffs are judicially estopped from pursuing this suit because Jan Jenkins did not disclose her claims against Home Depot during her bankruptcy case. In addressing this issue, the court is required to examine the claims of Plaintiff Jenkins and Plaintiff Weisbart, the trustee of her bankruptcy estate, separately.

**Jan Jenkins's Claims**

This Court agrees that Jan Jenkins is judicially estopped from bringing any claims against Home Depot by virtue of her discharge in bankruptcy. The Bankruptcy Code and Rules impose an express and affirmative duty on debtors to disclose all assets, including contingent and unliquidated claims. *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004). Omission of a personal injury claim from mandatory bankruptcy filings is tantamount to a representation that no such claim exists and satisfies the inconsistency prong of the judicial estoppel inquiry. *Id.* Further, the bankruptcy court's discharge is an indication that it adopted Jenkins's representation about her assets, thereby satisfying the second prong. *Id.*

Jenkins has not offered any reasons why her claim against Home Depot was not disclosed to the bankruptcy court. Regardless, Jenkins's failure to disclose cannot be said to be inadvertent. To satisfy the final inadvertence prong, there must be a showing that Jenkins was unaware of the facts giving rise to her claim, not the duty to report the claim. *In re Coastal Plains, Inc.*, 179 F.3d 197, 212 (5th Cir. 1999). Here, Jenkins's alleged injury occurred on December 4, 2004 — before her bankruptcy was filed on October 14, 2005 and well before her bankruptcy was discharged on March 8, 2006. She cannot argue that she was unaware of the facts giving rise to her claim or deny that she knew she had a claim. "This is the very abuse that judicial estoppel was designed to prevent." *Estel v. Bigelow Mgmt., Inc.*, 323 B.R. 918, 923 (E.D. Tex. 2005).

The Court, therefore, finds that Jan Jenkins is judicially estopped from bringing any claims herein, grants Defendant's summary judgment as to Plaintiff Jan Jenkins, and dismisses in their entirety all claims asserted by her individually against Home Depot.

**Weisbart's Claims**

In addition to Plaintiff Jenkins, Plaintiffs have also named in their Second Amended Original Complaint Plaintiff Mark Weisbart, Trustee for Jan Jenkins's bankruptcy estate (Dkt. 41). Unlike Jenkins's claims, judicial estoppel should not bar Weisbart from pursuing his claim on behalf of Jenkins's creditors.

As a general rule, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it. *Estel*, 323 B.R. at 924 (citing *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268 (11th Cir. 2004)). Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, both tangible and intangible, vest in the bankruptcy estate. 11 U.S.C. § 541(a)(1). Such property includes causes of action belonging to the debtor at the commencement of the bankruptcy case. *Id.* As this Court noted in *Estel v. Bigelow*, the proper party to bring a personal injury suit not originally disclosed to the bankruptcy court is the trustee, if the trustee elects to pursue the claim for the creditors. *Estel*, 323 B.R. at 924. Thus, a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute claims belonging to the estate. *See* 11 U.S.C. § 323; *Parker*, 365 F.3d at 1272. Therefore, if he is properly before this court, Weisbart is acting on behalf of Jenkins's creditors, not Jenkins, and should be permitted to pursue those claims.

Because the claims of the bankruptcy trustee should not be judicially estopped, the real question for this court to address is whether Weisbart is properly before this Court. As noted by

Home Depot, Plaintiffs did not amend their complaint to add Weisbart until February 15, 2007, more than three months after Home Depot first filed its summary judgment motion. And, Plaintiffs have not, in accordance with Rule 15, sought leave to add Weisbart to the suit.

While generally a plaintiff may amend a complaint only by leave of court or by consent of the parties, Rule 15 also makes clear that, when requested "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Although Plaintiffs have not complied with the technical requirements to add Weisbart to the case, the Court finds that justice requires that he be added. Indeed, Rule 17 contemplates that leave should always be given to add the real party in interest as a named party to a suit. FED. R. CIV. P. 17. "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed ...." *Id.* Although Plaintiff Weisbart's counsel, as an experienced practitioner, should have sought leave to add Weisbart as the real party in interest, this Court finds that he can and should be named as a Plaintiff.

And, as indicated by this Court's opinion in *Estel v. Bigelow*, Weisbart's claims are not barred by judicial estoppel.

**Plaintiff's Summary Judgment Pleadings and Evidence**

Home Depot has objected to the timeliness of Plaintiffs' summary judgment evidence. This Court finds that Plaintiffs' summary judgment evidence is properly before it. A brief overview of the muddled procedural history of these summary judgment proceedings is required.

In accordance with the hearing held before this Court on February 12, 2007, embodied in an order dated February 20, 2007, Defendant re-submitted its Motion for Summary Judgment to incorporate and supercede all previously filed supplements and amendments. This First Amended

Motion for Summary Judgment, or in the Alternative Motion for Partial Summary Judgment was filed on March 7, 2007 (Dkt. 52). Plaintiffs did not file a response to this amended motion until April 11, 2007 (Dkt. 61). Home Depot has objected to the timeliness of Plaintiffs' response, noting that it was filed almost a month after it was due. On April 17, 2007, Plaintiffs sought leave to file the response previously filed on April 11, 2007 (Dkt. 65). The Court now rules on this motion for leave.

This Court grants, with great reservation and stern admonition to Plaintiffs' counsel, Plaintiffs' motion for leave. The majority of Plaintiffs' summary judgment evidence was already before the court as a result of its original granting of motion for leave on February 20, 2007. Indeed, the only evidence that was not initially filed pursuant to the Court's granting of leave in February was that attached to Plaintiff's Response to Defendant's First Amended Motion for Summary Judgment (Dkt. 61). This evidence deals solely with the issue of judicial estoppel, not the merits of the case, and as the Court has already noted, it finds that there is good cause to add the trustee as a party and that he is not judicially estopped. Therefore, Defendant will not be prejudiced by the consideration of any late-filed evidence. Moreover, while Plaintiffs could have filed, as Home Depot did, a single consolidated response combining all previously filed evidence to aid this court in its review of the record, such a consolidation was not expressly required by the Court. Therefore, the Court will consider all admissible evidence before it.

**Barter Affidavit**

Home Depot has also filed an objection to and seeks to strike the affidavit of Michael Barter filed by Plaintiffs in support of their summary judgment response (Dkt. 51). Home Depot claims that the affidavit should be stricken because it is inconsistent with Barter's sworn deposition

testimony. The Court grants, in part, Home Depot's objection.

Rule 56(e) requires that all statements in an affidavit be within the affiant's personal knowledge. FED R. CIV. P. 56(e). According to Barter's deposition testimony, some of the statements in his affidavit were not within his knowledge, but merely his assumption of what appeared to have happened to Plaintiff Jenkins. Specifically, Barter's deposition clarified that he did not see what caused Jenkins's fall. As indicated by Barter's deposition, the following portion of the affidavit is not based on personal knowledge:

> My action caused the women to have to suddenly step or move backward to avoid being hit by the tree. As she stepped backward, her leg apparently stuck a tree truck which was protruding from the tree display where we were located. In addition, it appeared that her feet became tangled in the twine all over the floor with quite a bit of pine needles. As a result of the condition of the floor her feet slipped from beneath her, and she fell backwards and hit the concrete floor very hard. Since she was holding the small child, she appeared tp be unable to catch herself with her arms or hands.

Because this portion of his affidavit testimony is not based on personal knowledge, the Court agrees with Home Depot that it is not competent summary judgment evidence and must be stricken from the summary judgment record.

In its motion to strike, Home Depot seeks an award of attorney's fees pursuant to Rule 56(g). That rules allows the court to sanction a party for the filing of an affidavit made in bad faith or for the purposes of delay. FED. R. CIV. P. 56(g). This Court declines to find that the stricken portions in Barter's affidavit fall were made in bad faith. Any arguable conflict here between the affidavit and the deposition are not enough to justify an attorney's fees sanction under Rule 56. *See Turner v. Baylor Richardson Med. Center,* 476 F.3d 337, 349 (5th Cir. 2007).

Therefore, as indicated above, the Court grants in part and denies in part Defendant's First

Amended Motion to Strike the Affidavit of Michael Barter.

**Defendant's Summary Judgment as to the Merits**

Because Weisbart's claims are not barred by judicial estoppel, this Court is required to examine Defendant's summary judgment grounds as to the merits of Plaintiffs' case.

Taking into consideration the summary judgment record before it, the Court now turns to Defendant's summary judgment as to the merits of Plaintiff Weisbart's premises liability and negligent activity claims.

**Premises Liability**

In order to recover under a theory of premises liability in Texas, a plaintiff must prove: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) That the condition posed an unreasonable risk of harm; (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex.1992).

After a review of the summary judgment evidence before it, this Court finds that Plaintiff has offered summary judgment evidence that creates an issue of material fact as to each of these elements. And, drawing all inferences in Plaintiffs' favor, this evidence is sufficient to defeat Defendant's summary judgment. *See Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 459 (5th Cir. 2005). Plaintiff has offered evidence that there was twine or string in the aisles, that there were trees in the aisles, that there were needles on the floor, that a Home Depot employee noticed that the aisle needed to be cleaned prior to Jenkins's arrival, that the aisle was not cleaned immediately before Jenkins visited the store, that the trees are stored in bins that do not prevent them from sliding

out into the aisle, that Jenkins fell after Barter "popped" the tree on the floor, and that Jenkins suffered injuries as a result of her fall. This evidence creates a genuine issue of material fact as to the elements of Plaintiff's claim and can be resolved only by a jury at the time of trial. *Anderson*, 477 U.S. at 248-49, 106 S. Ct. at 2510. Therefore, Defendant's summary judgment as to Plaintiff's premises liability claim is denied.

**Negligent Activity**

In addition to the premises liability claim, Plaintiffs also have alleged a negligent activity claim against Home Depot. Home Depot claims that Plaintiffs have no negligent activity claim because they have not alleged that Home Depot's "tree popping" was the cause of her injuries and that Plaintiffs' claim, at best, is a premises liability claim. The Court does not agree.

A private premises owner "may be liable for two types of negligence in failing to keep the premises safe: that arising from an activity on the premises, and that arising from a premises defect." *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex.1997). Negligent activity and premises defect are independent theories of recovery. *Id.* at 529. The Texas Supreme Court has explained that recovery on a negligent activity theory requires that the injury be a contemporaneous result of the activity itself rather than by a condition created by the activity. *Timberwalk Apartments, Partners, Inc. v. Cain,* 972 S.W.2d 749, 753 (Tex.1998); *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex.1992). Conversely, if a person is injured as a result of a condition of the premises, rather than any conduct occurring at the time of injury, she has only a premise defect cause of action. *Olivo,* 952 S.W.2d at 527. Although Home Depot claims that there is no allegation that the tree popping caused Jenkins to fall, the summary judgment evidence indicates otherwise. Because Plaintiffs have offered evidence creating a genuine issue of material fact as to this claim, this Court denies Defendant's

summary judgment as to Plaintiff Weisbart's negligent activity claim.

## Conclusion

Therefore, the Court GRANTS Defendant's First Amended Motion for Summary Judgment as to Plaintiff Jan Jenkins, and all claims asserted by her individually are dismissed with prejudice.

The Court also GRANTS, in part, Defendant's First Amended Motion to Strike the Affidavit of Michael Barter, and those statements made by Barter that are not based on personal knowledge are stricken from the summary judgment record.

Additionally, the Court GRANTS Plaintiff's Motion for Leave to File a Response to Defendant's Amended Motion for Summary Judgment. The Court also finds that justice requires that Plaintiffs be GRANTED leave to add Mark Weisbart, bankruptcy trustee, as a Plaintiff to the suit and DENIES Defendant's First Amended Motion for Summary Judgment as to the claims of Plaintiff Weisbart. Plaintiffs have created a fact issue as to both their premises liability and negligent activity claims. Therefore, these claims cannot be disposed of on summary judgment.

**SO ORDERED.**

**SIGNED this 30th day of May, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

11